UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

```
JOSEPH A. PUSZKAR, III, et al.,    )
                                   )
              Plaintiffs,          )
                                   )
       v.                          )    No.  4:04CV1067 FRB
                                   )
SOUTHWESTERN BELL CORPORATION      )
DISABILITY INCOME PLAN, et al.,    )
                                   )
              Defendants.          )
```

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiffs' Motion to Lift Stay Order (Docket No. 39). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On August 13, 2004, plaintiffs Joseph A. Puszkar, III, Robert D. Price, Edna A. Nitzel, and Susan Pierson, participants in employee pension benefit and/or disability income plans (plans), commenced the instant cause of action in this Court in which they sought, inter alia, to certify the matter as a class action and injunctive, plan-wide relief. The instant litigation was premised on the decision of the Eighth Circuit Court of Appeals in Leonard v. Southwestern Bell Corp. Disability Income Plan, 341 F.3d 696 (8th Cir. 2003) (Leonard I), which involved the same employee benefits plans and plan administrators at issue in this cause.

At the district court level in Leonard I, the plaintiff

sought class certification and Joseph A. Puszkar III and Robert D. Price, individual plaintiffs here, sought to intervene. The district court summarily denied these requests without determination of their merits. See Leonard v. Southwestern Bell Corp. Disability Income Plan, Cause No. 4:00CV923 ERW (E.D. Mo. June 15, 2004) (order). On July 13, 2004, plaintiff Leonard and proposed intervenors Puszkar and Price appealed the district court's determinations and such appeal was pending before the Eighth Circuit at the time of the filing of the instant lawsuit. See Leonard v. Southwestern Bell Corp. Disability Income Plan, Cause No. 04-2752 (8th Cir. July 13, 2004) (notice of appeal) (Leonard II). Thereafter, recognizing that the outcome of the appeal in Leonard II could affect the proceedings in this cause, the parties here jointly moved that this matter be stayed pending the Eighth Circuit's decision in Leonard II (see Joint Mot. for Stay, filed Nov. 19, 2004/Docket No. 32), and such motion was granted by the undersigned that same date (order, filed Nov. 19, 2004/Docket No. 33).

On May 27, 2005, the Eighth Circuit rendered its decision in Leonard II, see Leonard v. Southwestern Bell Corp. Disability Income Plan, 408 F.3d 528 (8th Cir. 2005), and remanded the matter to the district court in Cause No. 4:00CV923 for further proceedings. With respect to the issues potentially affecting the instant cause of action, the Eighth Circuit gave specific direction

to the district court to "consider Leonard's class certification motion" and, further, advised that "in the event that the district court denies the class certification motion, the court should consider the motions to intervene[,]" and "[i]f the court denies both class certification and intervention, it should consider Leonard's request for plan-wide relief[.]"  408 F.3d at 534.  Mandate issued in the cause on July 7, 2005, and the matter is now before the Honorable E. Richard Webber for further proceedings as directed by the Eighth Circuit.

It is evident from the Eighth Circuit's Leonard II decision that the district court in Cause No. 4:00CV923 ERW is to address and determine the motion for class certification in that cause.  If Judge Webber were to grant the motion, the plaintiffs in this action would presumably be members of the class, thus rendering this separate cause of action superfluous.  In the event Judge Webber were to deny the motion, the Eighth Circuit has advised that he continue to address and determine the motions to intervene and, if necessary, the request for plan-wide relief.  Such rulings would likewise directly affect the proceedings in the instant cause of action, including the potential of rendering the instant action moot.[1]  For this Court to proceed to act in this

---

[1]Indeed, the undersigned questions the propriety of pursuing this separate cause of action when such outcome-determinative questions were presented to the court of appeals, remained pending, and had not yet been finally resolved.  Likewise, given that such questions continue to remain pending before a court for resolution, the undersigned further questions the propriety of the present

cause prior to Judge Webber's determinations in Cause No. 4:00CV923 ERW would not only be an inefficient use of judicial resources, but irresponsible as well. Accordingly, until such time as Judge Webber has had the opportunity to address and determine those matters in Leonard II as directed by the Eighth Circuit, the stay imposed in this cause shall continue.

Therefore,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Lift Stay Order (Docket No. 39) is **DENIED**.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _4th_ day of August, 2005.

---

request to lift the stay in this cause.